**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Agustin GALLEGOS–CURIEL,**
**Defendant-Appellee.**

**No. 81–1258.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1981.

Decided July 21, 1982.

Gerald S. Frank, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellant.

Bernardo P. Velasco, Asst. Federal Public Defender, Tucson, Ariz., for defendant-appellee.

Before WALLACE and KENNEDY, Circuit Judges, and HOFFMAN,* District Judge.

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. This court has jurisdiction pursuant to 18 U.S.C. § 3731 (1976).

2. The immigration agents accompanying appellee to the courthouse became concerned that he might be incompetent to comprehend what was

**KENNEDY, Circuit Judge:**

This case requires us to examine a ruling based on the claim of vindictive prosecution. The district court dismissed a felony indictment for illegal entry on the ground of presumed vindictiveness because the indictment followed entry of a not guilty plea to a misdemeanor charge at an initial appearance before the magistrate. The Government appeals. We reverse.[1]

In accordance with a long-standing agreement between the Immigration and Naturalization Service ("INS") and the Arizona United States Attorney, designed for a heavy volume of illegal entry cases, INS has the authority to file misdemeanor illegal entry complaints for later prosecution by the U.S. Attorney. Felony complaints for illegal entry, though, require prior approval by the U.S. Attorney.

On March 1, 1981, immigration agents apprehended Gallegos-Curiel, the appellee here, for entering the country illegally. The next day an immigration agent prepared and filed a complaint charging appellee with misdemeanor illegal entry under 8 U.S.C. § 1325 (1976), and presented appellee before a magistrate, with counsel.[2] Appellee entered a plea of not guilty at the initial appearance.

When the U.S. Attorney's office received the trial setting order from the magistrate a few days later, it reviewed appellee's complete file, including his prior non-immigration record. A copy of that record had not been included in the file before the immigration agent who issued the misdemeanor complaint.[3] After considering appellee's complete prior record of both immigration and non-immigration violations, the Assistant U.S. Attorney sought an indictment for felony illegal entry under 8 U.S.C. § 1325

happening to him. The agents expressed their concern to the magistrate, who then appointed counsel before the initial appearance.

3. Gallegos-Curiel's non-immigration record was summarized on the back of the "Record of Deportable Alien", which was included in appellee's file. The back of the record, however, was not copied for the immigration agent's review.

(1976).[4] The grand jury issued the indictment on March 10, 1981.

In the district court, appellee filed a motion to dismiss the felony indictment on the ground of vindictive prosecution, claiming that the charge against him was raised to a felony simply because he had exercised a procedural right, that is, entry of a not guilty plea to the misdemeanor charge. The district court granted the motion and dismissed the felony indictment. In accepting the vindictive prosecution claim, the district court concluded that the INS agent could have had access to the non-immigration record, and that the U.S. Attorney's office would not have reviewed appellee's file if he had pled guilty to the misdemeanor. We must decide whether vindictiveness can be inferred from the challenged prosecutorial conduct.

■ The doctrine of vindictive prosecution must not be misapplied by blurring the distinction between what is actual retaliation and what is presumed. The presumption applies only to the extent it reflects the very real likelihood of actual vindictiveness.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court acknowledged that a defendant may not be punished for successfully challenging his conviction, *id.* at 723–24, 89 S.Ct. at 2079, and the Court for the first time developed the doctrine of presumed vindictiveness in recognition of the fact that "[t]he existence of a retaliatory motivation would, of course, be extremely difficult to prove in any individual case," *id.* at 725 n.20, 89 S.Ct. at 2080 n.20. In order "to assure the absence of such a [retaliatory] motivation," *id.* at 726, 89 S.Ct. at 2081, the Court held that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must appear, and if no such objective infor-

mation appears, vindictiveness can be presumed.

In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Court considered the *Pearce* rule of presumed retaliation in the context of prosecutorial behavior. There the prosecutor filed a felony indictment against a defendant after he had exercised a statutory right to trial *de novo* in state superior court following his misdemeanor conviction in an inferior court without a jury. The Court held "the opportunities for vindictiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the *Pearce* case." 417 U.S. at 27, 94 S.Ct. at 2102. The Court emphasized that the premise of the *Pearce* inferred vindictiveness rule "is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.'" *Id.*

When there is no evidence of actual vindictiveness and the only question is whether it must be presumed, cases involving increased charges or punishments after trial are to be sharply distinguished from cases in which the prosecution increases charges in the course of pretrial proceedings. This has been established by the Supreme Court in *United States v. Goodwin*, —— U.S. ——, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). In *Goodwin* the defendant was arraigned before a magistrate on misdemeanor and petty offenses. After plea negotiations with the prosecutor, the defendant requested a jury trial in district court. After the case was assigned to an Assistant United States Attorney, the defendant was indicted and convicted on a felony charge. He alleged vindictive prosecution. The Supreme Court held that a presumption of vindictiveness was not warranted in that pretrial setting.

---

4. Section 1325 provides for a misdemeanor conviction for the first commission of, and a felony conviction for a subsequent commission of, an illegal entry violation.

The Assistant U.S. Attorney testified at the hearing in the district court that he sought the felony indictment for two reasons: because he believed appellee's immigration record alone

justified it, and because he believed the non-immigration record justified it. The immigration agent who had issued the misdemeanor complaint testified that, had he known of the non-immigration violations, he would have notified the U.S. Attorney's office to request a felony prosecution.

The Court analyzed the timing and the nature of the right which the defendant had exercised and concluded that it did not present a realistic likelihood of vindictiveness.

First, the Court recognized that before the trial has begun, "the prosecutor's assessment of the proper extent of prosecution may not have crystallized." —— U.S. at —— – ——, 102 S.Ct. at 2493. Because the prosecutor may properly reevaluate information as the case develops, he "should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct." *Id.* at ——, 102 S.Ct. at 2493 (footnote omitted). Furthermore, because before trial many procedural rights are asserted quite routinely, as "an integral part of the adversary process", it would be "unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter," even if they do burden the prosecution. *Id.*

After considering the timing of the defendant's action, the Court in *Goodwin* analyzed the nature of the right asserted. Although the plea of not guilty forced the Government to prove its case, the Court found that the plea did not warrant a presumption that subsequent modification of the charges was unjustified, even when the not guilty plea was coupled with the request for and burdens imposed by a jury trial. The not guilty plea and request for jury trial did not force the duplicative expenditure of prosecutorial resources, and hence did not invoke the institutional bias against the retrial of decided issues that might motivate a vindictive reaction, as did the asserted rights in *Pearce* and *Blackledge. Id.* at —— – ——, 102 S.Ct. at 2494. The Court concluded that the severe presumpton of vindictive prosecution was not warranted.

■ The holding in *Goodwin* and the analysis developed from *Pearce* to *Goodwin* dictate our conclusion that a presumption of vindictiveness is not warranted in this case.

This circuit has applied the presumption of vindictiveness doctrine in the form of the "appearance of vindictiveness" test. Absent direct evidence of an expressed hostility or threat to the defendant for having exercised a constitutional right, *see, e.g., United States v. Hollywood Motor Car Co.,* 646 F.2d 384 (9th Cir. 1981), *rev'd on other grounds,* —— U.S. ——, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982) (per curiam); *United States v. DeMarco,* 550 F.2d 1224 (9th Cir.), *cert. denied,* 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85 (1977), to establish a claim of vindictive prosecution the defendant must make an initial showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness. *See United States v. Burt,* 619 F.2d 831, 836 (9th Cir. 1980); *United States v. Griffin,* 617 F.2d 1342, 1346 (9th Cir.), *cert. denied,* 449 U.S. 863, 101 S.Ct. 167, 66 L.Ed.2d 80 (1980). If there is a sufficient prima facie showing of vindictiveness, the burden shifts to the prosecution to show that any increase in the severity of the charges did not stem from a vindictive motive, or was justified by independent reasons or intervening circumstances that dispel the appearance of vindictiveness. *United States v. Burt,* 619 F.2d at 836; *United States v. Griffin,* 617 F.2d at 1347.

■ The principle of vindictive prosecution is not a fiction, either in concept or in its implementation. The appearance of vindictiveness test is not a per se rule striking down any increased charge following any act by the defendant. The appearance of vindictiveness does not embody the *post hoc ergo propter hoc* fallacy, *see United States v. Robison,* 644 F.2d 1270, 1273 (9th Cir. 1981); *United States v. Linton,* 655 F.2d 930 (9th Cir. 1980) (per curiam), *cert. denied,* 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 301 (1981); the link of vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right, or because they would not have been taken but for exercise of a defense right. *United States v. Robison,* 644 F.2d

at 1273. Rather, the appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights. *Goodwin*, —— U.S. at ——, ——, 102 S.Ct. at 2488, 2494.

■ When increased charges are filed in the routine course of prosecutorial review or as a result of continuing investigation, *see United States v. Griffin*, 617 F.2d at 1347, there is no realistic likelihood of prosecutorial abuse, and therefore no appearance of vindictive prosecution arises merely because the prosecutor's action was taken after a defense right was exercised. As the Court in *Goodwin* stated, "[a] charging decision does not levy an improper 'penalty' unless it results solely from the defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution." —— U.S. at —— n.11, 102 S.Ct. at 2492 n.11.

■ Vindictiveness is antithetical to a fair evaluation of the case. If an objective assessment of the prosecution's position reveals that charges should be increased or made more precise to take account of information not previously known to the prosecutor or to state more accurately the Government's position, then the prosecution has the right, if not the duty, to do so, provided there is no procedural unfairness to the defendant, *see id.* at ——, —— & n.14, 102 S.Ct. at 2493 & n.14; *Griffin*, 617 F.2d at 1348. It is only when prosecutorial actions stem from an animus toward the exercise of a defendant's rights that vindictive prosecution exists.

■ In every case alleging inferred vindictive prosecution, there must be a threshold showing of vindictiveness or the likelihood of it before the court is justified in inquiring into the prosecutor's actual motives. The exercise of routine or clearly necessary defense motions in the pretrial stage does not meet the threshold for more detailed inquiry and does not suffice to raise the presumption of vindictiveness. As did the Supreme Court in *Goodwin*, we will analyze the timing and nature of defendant's act to determine whether the prosecutor likely acted for a punitive or retaliatory motive so that the presumption is warranted. The case before us contains no allegations of express threats or harassment. The allegations are simply that there is an appearance of vindictive prosecution because the appellee was indicted for a felony after he entered a plea of not guilty to a misdemeanor at an initial appearance before a magistrate. Under *Goodwin* that sequence of events is not alone sufficient to raise an appearance of vindictive prosecution.

Appellee entered his initial plea of not guilty on the same day the misdemeanor complaint was prepared and the day after he was apprehended. The felony indictment was sought only a few days later, well before trial. At this pretrial stage in the proceedings, the prosecutor's assessment of society's interest in prosecuting appellee certainly could not have crystallized, and the prosecution should not be bound by the initial charge filed by the INS upon apprehension. As the Court in *Goodwin* acknowledged, "[i]n the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance." —— U.S. at ——, 102 S.Ct. at 2493. "To presume that every case is complete at the time an initial charge is filed, ..., is to presume that every prosecutor is infallible—an assumption that would ignore the practical restraints imposed by often limited prosecutorial resources." *Id.* at —— n.14, 102 S.Ct. at 2493 n.14.

The prosecution's assessment of appellee's case demonstrates a proper reevaluation of new and existing information concerning a defendant's conduct to further society's best interests. Such pretrial prosecutorial conduct should not be burdened with presumptions of vindictiveness. *Id.* at —— ——, 102 S.Ct. at 2493. The original misdemeanor complaint was prepared by the

INS under an agreement with the U.S. Attorney that had been established as an exercise of prosecutorial discretion to handle the flow of illegal entry cases. The felony indictment was prepared by an agent in the U.S. Attorney's office after his initial review of the case and appellee's complete file, including appellee's non-immigration criminal record, which was not available to the INS agent who prepared the misdemeanor complaint. The prosecutor thus was motivated in part by additional information, *cf. Perry*, 417 U.S. at 29 n.7, 94 S.Ct. at 2103 n.7 (altered circumstances might justify more serious charge), and in part by his reevaluation of the seriousness of appellant's immigration record, which, as discussed above, *Goodwin* recognized is a proper, nontainted prosecutorial function. *Cf. United States v. Robison*, 644 F.2d at 1273 (involvement of separate sovereigns negates vindictive prosecution claim); *Griffin*, 617 F.2d at 1347 (investigations by two unrelated agencies refutes claim of appearance of vindictiveness). In *Goodwin* the decision to bring felony charges was made in circumstances quite similar to those here; it was made by a new prosecutor based upon his reassessment of the seriousness of the defendant's crime and subsequent conduct. —— U.S. at —— n.2, 102 S.Ct. at 2488 n.2.

In this pretrial setting, moreover, the entry of the not guilty plea, like the motion to be tried by jury, is routinely made and is expected as part of the adversary process, so that it is unrealistic to assume the prosecutor's pretrial response would be vindictively motivated. The timing of appellee's procedural right demonstrates clearly that no presumption of vindictiveness is warranted.

The nature of the right appellee asserted here also does not warrant a presumption of vindictiveness, as *Goodwin* directly held. "This Court in *Bordenkircher* [*v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)] made clear that the mere fact that a defendant refuses to plead guilty and forces the Government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." —— U.S. at ——, 102 S.Ct. at 2494. Entering a plea of not guilty is common and, in the initial stages of the proceeding, is more often a matter of form than of choice.[5] The plea does not in every case commit the defendant to such a course of confrontation with the prosecution so that we can say that it will always, or even in the ordinary course of events, pose a danger of retaliation or present a realistic likelihood of vindictiveness. *Cf. United States v. Linton*, 655 F.2d at 932 (claim that charges against nontarget grand jury witness after he claimed the privilege against self-incrimination were vindictively brought was "so preposterous on its face as to require no discussion"). Furthermore, the entry of the not guilty plea did not, as in *Pearce* and *Blackledge*, force the adjudication of issues previously decided by trial or require significant duplicative expenditures of prosecutorial resources before a final judgment could be obtained. *See Goodwin*, —— U.S. at ——, 102 S.Ct. at 2494; *cf. Blackledge, supra* (invocation of statutory right to trial *de novo* in superior court following misdemeanor conviction in inferior court); *Pearce, supra* (exercise of statutory right to appeal following conviction).

■ Finally, it should be recognized that even if the prosecutor had increased the charges against appellee because his initial expectation that appellee would plead guilty to the misdemeanor proved unfounded, this would have been a legitimate exercise of prosecutorial discretion. Departures from the initial indictment do not raise presumptions of vindictiveness except in a rare case. The initial indictment "does not necessarily define the extent of the

---

5. Counsel for appellee, in his argument before the district court on the motion to dismiss, admitted that because he was appointed immediately before the initial appearance and because of the concern over defendant's competency, see note 2 *supra*, he could not "make any decision other than, 'I've got to find out.' So we enter a plea of not guilty." Reporter's Transcript at 36. Normally in these proceedings, the defendant does not have an attorney present at the initial appearance before the magistrate.

legitimate interest in prosecution." *Goodwin*, —— U.S. at ——–——, 102 S.Ct. at 2492. The felony charge against appellee was clearly justified, and the U.S. Attorney's office properly exercised its discretion and duty to protect society's interest by increasing the charge against appellee to a felony. We hold that the procedural right exercised here, the not guilty plea at an initial appearance before the magistrate, even though it may present opportunities for vindictiveness, fails to present a realistic likelihood of vindictiveness and fails to trigger the threshold appearance of vindictiveness.

Appellee's assertion that but for the plea of not guilty the U.S. Attorney's office would not have reviewed appellee's file and filed the felony indictment is to no avail. A sequence of events is not enough; the likelihood of retaliation is crucial. *See Bordenkircher v. Hayes*, 434 U.S. at 363, 98 S.Ct. at 667 ("the due process violation in cases such as *Pearce* and *Perry* lay not in the possibility that a defendant might be deterred from the exercise of a right, . . . but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction"); *United States v. Thurnhuber*, 572 F.2d 1307, 1310 n.3 (9th Cir. 1977); *cf. Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (upon retrial following reversal of original conviction second jury unaware of original sentence could impose greater sentence); *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) (after trial *de novo* court of general jurisdiction could impose sentence greater than that imposed in inferior trial court because little possibility of personal vindictiveness). *See also Goodwin*, —— U.S. at ——–—— & n.5, 102 S.Ct. at 2488–92 & n.5 (discussing prior cases); *Blackledge*, 417 U.S. at 25–27, 94 S.Ct. at 2101 (same).

We conclude that the circumstances surrounding appellee's indictment for felony illegal entry after his plea of not guilty at an initial appearance before the magistrate do not raise a threshold appearance of vindictiveness sufficient to trigger an inquiry into the prosecutor's actual motives. A careful examination of whether an appearance is raised is generally essential to prevent wasteful delays of trial and to screen out frivolous vindictive prosecution claims. The severe presumption should not be invoked lightly. *Goodwin*, —— U.S. at ——, 102 S.Ct. at 2489. We hold that the trial court therefore abused its discretion in granting the motion to dismiss the felony indictment on prosecutorial vindictiveness grounds.[6]

REVERSED.

---

**6.** The abuse of discretion standard is to be applied in reviewing dispositions of claims of prosecutorial vindictiveness. *See United States v. Griffin*, 617 F.2d at 1347; *United States v. DeMarco*, 550 F.2d at 1228; *cf. United States v. Wilson*, 639 F.2d 500, 503 (9th Cir. 1981).