**UNITED STATES of America**

v.

**Thersa FITZGIBBON, et al.**

**Crim. Nos. 85–0329, 85–0330 and 85–0331.**

United States District Court,
District of Columbia.

Nov. 12, 1985.

Daniel E. Ellenbogen, Washington, D.C., for defendants.

Robert E. McDaniel, Asst. U.S. Atty., Washington, D.C., for the Government.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

On September 11, 1985, this Court dismissed the information in the above captioned cases on the basis of vindictive prosecution. Before the Court is the government's Motion for Reconsideration. For the reasons discussed below, this motion shall be denied.

On April 22, 1985, Defendants in these combined cases were arrested with other individuals by United States Park Police. At that time, each arrestee was released with a Park Police Citation Form for "Demonstrating Without a Permit." The reactions of the arrestees to the citation varied—some paid a $50.00 fine in full satisfaction of the citation and without the necessity of a court appearance. Others ignored the citation. The defendants in these cases decided to proceed to trial. It was after this decision that the government

filed a two-count misdemeanor information against only these defendants alleging the commission of two offenses: obstructing sidewalks adjacent to the White House, 36 C.F.R. 50.30; and demonstrating without a permit, 36 C.F.R. 50.19. Defendants were arraigned on these charges, each carrying a maximum penalty of six (6) months in prison and a $500.00 fine.

The government contends that its decision as to which charges to bring and in what form to bring them was a legitimate exercise of prosecutorial discretion. Although the government is correct that when it increases the charges against a defendant before trial there is no presumption of vindictiveness (unlike in post-trial situations) the Supreme Court did "not foreclose the possibility that a defendant in an appropriate case might prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *United States v. Goodwin*, 457 U.S. 368, 384, 102 S.Ct. 2485, 2494, 73 L.Ed.2d 74 (1982).

Most of the cases cited by the government in support of its Motion for Reconsideration concern situations where the government increased charges against a defendant after unsuccessful plea negotiations. For example, in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the defendant rejected a misdemeanor plea offer and was subsequently indicted on a series of felony charges. Central to the Court's finding of no vindictiveness in these cases was the Court's finding that the defendant was "fully informed of the true terms of the offer when he made his decision to plead not guilty. This is not a situation, therefore, where the prosecutor without notice brought an additional and more serious charge after plea negotiations relating only to the original indictment had ended with the defendant's insistence on pleading not guilty," the Court stated. *Id.* at 360, 98 S.Ct. at 666. *See also, United States v. CFW Construction Co., Inc.*, 583 F.Supp. 197 (D.S.C.1984) ("The defendant was in an equal bargaining position with the Government, and was free to accept or reject the proposed plea agreement." *Id.* at 208).

It is without question that the Supreme Court has accepted plea negotiation as a legitimate process. Defendants here are not attacking their opportunity to pay $50.00 in satisfaction of the original Park Citation instead of going to trial. Defendants' claim of vindictive prosecution stems from the increase in the charges against them *without warning* once they decided to exercise their right to a trial.

The government cites *United States v. Gallegos-Curiel*, 681 F.2d 1164 (9th Cir. 1982). That case is inapposite here. In *Gallegas-Curiel*, "[t]he prosecutor ... was motivated in part by additional information and in part by his reevaluation of the seriousness of appellant's immigration record" when he decided to bring felony charges. *Id.* at 1170 (citation omitted). The record is clear that the government in this case discovered no new information between the time of the original citation and its decision to bring another charge against only those defendants who opted to go to trial. On September 11, 1985, the Court found that it was merely Defendants' decision to go to trial which prompted the government to bring this additional charge and dismissed the case on the basis of vindictive prosecution. That decision shall stand.

For the foregoing reasons, it is by the Court this 12th day of November, 1985,

ORDERED, that the government's Motion for Reconsideration is DENIED.