951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis GREENBERG, Defendant-Appellant.
 No. 90-10418.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Jan. 8, 1992.
 
 Before CHAMBERS, WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Dennis Greenberg appeals his conviction, following a jury trial, for forcibly assaulting, impeding, resisting, opposing, intimidating, and interfering with members of the Coast Guard, in violation of 18 U.S.C. § 111. We affirm.
 
 
 3
 When a boat is in need of assistance, it calls the Coast Guard. The Coast Guard determines whether it is a distress or nondistress situation. If it is a distress situation, the Coast Guard goes to the rescue. If it is a nondistress situation, the Coast Guard is required to broadcast for a commercial tow operator to come and assist.
 
 
 4
 On June 15, 1989, the "Captain Kidd" radioed that it needed assistance. The Coast Guard sent a boat, however, it was the wrong boat so they had to get another one. While the "Captain Kidd" was awaiting the proper Coast Guard boat, Dennis Greenberg, a tow operator, asked if the "Captain Kidd" wanted a tow. The "Captain Kidd" responded it did. However, the "Captain Kidd" did not realize that Greenberg was a commercial tow and when the Coast Guard returned, the "Captain Kidd" stated it preferred the Coast Guard's assistance.
 
 
 5
 This angered Greenberg who has previously filed suit against the Coast Guard for its interference in nondistress rescues. Over the radio, Greenberg told the Coast Guard it was in violation of federal law and Coast Guard regulations, and that he intended to preclude the Coast Guard from towing the "Captain Kidd."
 
 
 6
 There is disputed testimony about what happened next. Greenberg says he maneuvered his boat to hold position with the changing tide and wind and, therefore, the Coast Guard rammed his boat. The Coast Guard and the "Captain Kidd" say Greenberg maneuvered his boat toward them at a high rate of speed, placed it between them, and bumped into the Coast Guard's boat.
 
 
 7
 A jury found Greenberg guilty. He appeals.
 
 DISCUSSION
 
 8
 Greenberg contends that the court erroneously denied his motion to compel the government to abide by its offer of deferred prosecution.
 
 
 9
 Prior to the indictment being filed, the government and Greenberg held a meeting in which the government offered to enter into an agreement to defer prosecution in exchange for five conditions, including an admission of guilt. Greenberg agreed to four of the conditions but would not admit to guilt so the government filed the indictment. Greenberg contends that once the offer was made and substantially accepted on all but one point, it should have been enforced. The government correctly points out that they were under no duty to offer an agreement. Once they offered an agreement, the government had the right to dictate the terms. The government argues that Greenberg's failure to accept each condition of the government's offer, including the admission of guilt, precluded the meeting of the minds necessary for the offer to become an agreement. We agree.
 
 
 10
 Greenberg argues that the court erred by failing to dismiss the case for vindictive prosecution. Greenberg had the initial burden of showing an "appearance of vindictiveness." United States v. Heldt, 745 F.2d 1275, 1280 (9th Cir.1984). An appearance of vindictiveness arises where "there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." United States v. Gallegos-Curiel, 681 F.2d 1164, 1169 (9th Cir.1982), citing United States v. Goodwin, 457 U.S. 368 (1982).
 
 
 11
 Greenberg is not arguing that because he failed to agree to all five conditions to defer prosecution he was vindictively prosecuted. Rather, he is arguing that his long history of wrangling with the Coast Guard over their interference with commercial tow operators' livelihood led to this prosecution. However, the mere prosecution of an individual for an alleged illegal act is not a sufficient showing for vindictive prosecution. Greenberg alleges no threats, implicitly or explicitly, of retaliatory prosecution by the Coast Guard. We find no threshold showing of vindictive prosecution.
 
 
 12
 Greenberg contends he was denied a fair trial because the district court did not allow testimony he sought to introduce as to whether the condition really was or was not a distress situation and whether the Coast Guard was engaged in the performance of its official duties.
 
 
 13
 In order to be in violation of 18 U.S.C. § 111, the acts alleged must have occurred while Coast Guard personnel were "engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1). " 'Engaged in ... performance of official duties' is simply acting within the scope of what the agent is employed to do. The test is whether the agent is acting within that compass or is engaging in a personal frolic of his own." United States v. Heliczer, 373 F.2d 241, 245 (2d Cir.1967), cert. denied, 388 U.S. 917 (1967). Under section 111(a), the scope of a federal employee's official duties is established by federal law. See United States v. Kelley, 850 F.2d 212, 213 (5th Cir.1988), cert. denied, 488 U.S. 911 (1988).
 
 
 14
 The Coast Guard's mission is to "perform any and all acts necessary to rescue and aid persons and protect and save property." 14 U.S.C. § 88(a)(1). Pursuant to its statutory authority, the Coast Guard Commandant has promulgated a Maritime Search and Rescue Assistance Policy. In accordance with this policy, when a call for assistance is received by the Coast Guard, the mission coordinator's duty is to consider various factors and then decide whether each case is a "distress" or "nondistress" situation.
 
 
 15
 Here, the Coast Guard acted properly. It decided, under the applicable Maritime Policy, that the "Captain Kidd" was in distress and it responded to the distress call. In so doing, it acted within the scope of its official duties as a matter of law and did not exceed or abuse its discretion.
 
 
 16
 Finally, Greenberg alleges he was denied a fair trial because the court failed to instruct on freedom of expression. The trial judge instructed the jury that "threats of the use of future force are not enough [to constitute 'use of force' ] nor harassment or verbal abuse." This was a sufficient instruction to enable the jury to "distinguish between verbal and forceful physical opposition." Appellant's Opening Brief at 29.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3