69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan GRECO-TRIGO, also known as Juan Jose Trigo, also known
as Juan Jose Greco, Defendant-Appellant.
 No. 94-10465.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 18, 1995.*
Decided Oct. 26, 1995.
 
 Before: SKOPIL, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 Defendant-Appellant Juan Greco-Trigo appeals the district court's denial of his motion to dismiss the superseding indictment. The government originally charged Greco-Trigo with one offense, possession of firearms by an illegal alien, in violation of 18 U.S.C. Sec. 922(g)(5). Subsequently, in a superseding indictment, the government added two additional charges against Greco-Trigo: possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1), and using and carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). Greco-Trigo alleges that the government filed the superseding indictment in retaliation for his filing of a motion to dismiss on Equal Protection grounds.
 
 
 3
 In this appeal, Greco-Trigo claims that the district court should have presumed that the superseding indictment was a result of prosecutorial vindictiveness. Greco-Trigo further claims that the government presented insufficient evidence at trial to enable the jury to conclude that Greco-Trigo was illegally in the United States at the time of his arrest.
 
 VINDICTIVE PROSECUTION
 
 4
 The Due Process Clause forbids prosecutions that vindictively punish a person for exercising constitutional, statutory, or procedural rights. See United States v. Goodwin, 457 U.S. 368, 372 (1982) (stating that punishing a person for acting legally is due process violation). Criminal defendants may demonstrate vindictiveness by proving that the prosecutor actually had a vindictive motive. Id. at 384. Alternatively, criminal defendants may demonstrate vindictiveness by showing that the circumstances warrant a presumption of vindictiveness. United States v. Gallegos-Curiel, 681 F.2d 1164, 1167 (9th Cir.1982).
 
 
 5
 A presumption of vindictiveness arises once the defendant establishes that the prosecutor's actions appear to be vindictive. Id. at 1168. The appearance of vindictiveness results when there is a realistic or reasonable likelihood of prosecutorial conduct prompted by hostility or a punitive animus towards the defendant because the defendant exercised a legal right. Id. at 1169.
 
 
 6
 The standard of review for vindictive prosecution is unsettled in this circuit. United States v. VonWillie, 59 F.3d 922, 927 (9th Cir.1995). This circuit has variously applied abuse of discretion, clearly erroneous, and de novo standards. United States v. Montoya, 45 F.3d 1286, 1291 (9th Cir.1995), cert. denied, --- U.S. ---- (Oct. 2, 1995). Under any of these standards, we conclude that the government's pretrial decision to enhance charges against defendant does not give rise to a presumption of prosecutorial vindictiveness.
 
 
 7
 The Supreme Court has held that there is generally no presumption of prosecutorial vindictiveness in the pretrial setting. Goodwin, 457 U.S. at 377-79, 381-82. See also United States v. Raymer, 941 F.2d 1031, 1040 (10th Cir.1991) (noting that Supreme Court has never presumed prosecutorial vindictiveness in pretrial setting). Additionally, the Ninth Circuit has ruled that vindictiveness will not be presumed when a prosecutor enhances charges in the routine course of prosecutorial review, even if the prosecutor's action was taken after a defendant exercised a legal right. United States v. Sinigaglio, 942 F.2d 581, 584 (9th Cir.1982).
 
 
 8
 We conclude that Assistant United States Attorney Thomas Fink enhanced the charges against Greco-Trigo in the routine course of prosecutorial review.[1] In his uncontroverted testimony, Fink denied Greco-Trigo's allegation that he filed a superseding indictment against Greco-Trigo in retaliation for Greco-Trigo's assertion of his legal rights. Fink stated that when Greco-Trigo's case was reassigned to him, he simply assessed the evidence differently than the prior United States attorney. Such reassessment of the evidence by a new prosecutor is a proper prosecutorial function and a valid explanation for a decision to enhance charges against a defendant. See Gallegos-Curiel, 681 F.2d at 1170-71 (rejecting claim of prosecutorial vindictiveness where new prosecutor brought enhanced charges based upon his reassessment of the seriousness of defendant's crime). Accordingly, we reject Greco-Trigo's claim of prosecutorial vindictiveness.
 
 SUFFICIENCY OF EVIDENCE
 
 9
 The standard of review for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Quinn, 18 F.3d 1461, 1465 (9th Cir.1994), cert. denied, 114 S.Ct. 2755 (1994). Because Greco-Trigo failed to move for judgment of acquittal on the ground that the evidence was insufficient to support the verdict, our review is for plain error. United States v. Stauffer, 922 F.2d 508, 511 (9th Cir.1990).
 
 
 10
 The Supreme Court has held that appellate review for plain error requires a three-prong analysis. United States v. Olano, 113 S.Ct. 1770, 1777 (1993). First, the district court must have erred. Second, the error must be plain. Third, the error must affect substantial rights. Id. at 1177-78.
 
 
 11
 The district court did not err when it allowed the jury to conclude that Greco-Trigo was illegally in the United States. The government presented the jury with evidence that defendant had admitted to Immigration and Naturalization Service (INS) agent Monique Herco in a post-arrest interview that he was in the United States illegally. This evidence, standing alone, is sufficient for a jury to have concluded that defendant was illegally in the United States.
 
 
 12
 Additionally, the government conducted a records check, and presented an INS Certificate of Non-existence at trial. This records check showed that, according to INS records, Greco-Trigo had no legal status in the United States at the time of his arrest.
 
 
 13
 However, as Greco-Trigo argues, this records check did not conclusively prove that he was illegally in the United States, because it did not include a check of his visa status. This evidentiary gap was filled by the trial testimony of INS agent Monique Herco. Agent Herco examined Greco-Trigo's passport and testified that his visa was issued on November 11, 1982. She further testified that no visas are valid for more than ten years. Thus, assuming Greco-Trigo's November 11, 1982 visa was good for the maximum ten years, it would have expired on November 11, 1992, nearly nine months before his arrest.
 
 
 14
 Taken together, Greco-Trigo's admission, the INS records check, and Agent Herco's testimony provided ample evidence for the jury to have concluded that Greco-Trigo was illegally in the United States. Greco-Trigo has failed to show that the district court erred and thus failed to satisfy the first prong of the plain error analysis. This conclusion renders moot the second and third prongs of the plain error analysis. We therefore rule that the district court did not commit plain error when it allowed the jury to conclude that Greco-Trigo was in the United States illegally.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The original indictment in this case was handled by Assistant United States Attorney Elizabeth Ann Farr. Subsequently, in March 1993, the case was transferred to Assistant United States Attorney Thomas Fink. After reviewing the file, Mr. Fink decided to file a superseding indictment charging Greco-Trigo with two additional felony counts