91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Neel SCHOLZ, Defendant-Appellant.
 No. 95-10540.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided July 19, 1996.
 
 Before: WOOD,* CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Neel Scholz appeals from his guilty plea conviction for conspiracy to manufacture and possess with intent to distribute more than 1,000 marijuana plants in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(vii), and maintaining a place for manufacturing and distributing marijuana, in violation of 21 U.S.C. § 856(a)(1). Scholz contends that the district court erred in denying his motion to dismiss on the grounds that (1) the government violated the terms of a plea agreement granting him immunity; (2) the government conducted a vindictive prosecution; and (3) his federal prosecution following a conviction in state court violated the Double Jeopardy Clause. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Scholz contends that the district court erred in finding that no plea agreement existed. We disagree.
 
 
 4
 "[W]e review the district court's findings as to the existence and terms of the alleged plea agreement for clear error." United States v. Helmandollar, 852 F.2d 498, 501 (9th Cir.1988) (citations omitted). The district court's inquiry "turns principally upon an assessment of the credibility of the various witnesses, an issue best resolved by the court in the 'superior position' to make such determinations." Id. (citing United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984)).
 
 
 5
 The district court found both defense attorney Hager and Assistant United States Attorney White to be credible witnesses. Scholz disputes the court's finding that White was credible, pointing to various "contradictions" between White's testimony and that given by Agent Ortega and Deputy Beltron, but the district court resolved these contradictions by concluding that, to the extent Ortega and Beltron contradicted White's testimony, White was the more credible witness.
 
 
 6
 Faced with equally credible evidence on either side, the district court properly concluded that Scholz failed to meet his burden of proving that a plea agreement existed. See Helmandollar, 852 F.2d at 502 (moving party bears burden of proving existence of plea agreement). Scholz argues that this was error because ambiguities contained in the terms of the plea agreement must be resolved against the government. United States v. De la Fuente, 8 F.3d 1333, 1338 (9th Cir.1993). This is true, but irrelevant. The dispute here is not over the meaning of terms within an existing plea agreement, but whether a plea agreement exists at all.
 
 II
 
 7
 Scholz contends that the government conducted a vindictive prosecution to punish him for filing a motion to dismiss. We disagree.
 
 
 8
 To establish that the government's actions amounted to vindictive prosecution, Scholz must demonstrate either actual vindictiveness, which requires "direct evidence of an expressed hostility or threat to [him] for having exercised a constitutional right," United States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir.1982) (citations omitted), or presumptive vindictiveness, which requires "an initial showing that charges of increased severity were filed because [he] exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness," id. (citations omitted). If Scholz succeeds in demonstrating presumptive vindictiveness, the burden shifts to the prosecution to "dispel the appearance of vindictiveness." Id. (citations omitted).
 
 
 9
 Scholz begins by arguing that the very act of indicting him demonstrates vindictiveness because the federal government should have been satisfied with his state court sentence. Even if the federal government did consider the state sentence insufficient, this does not demonstrate vindictiveness. Because the federal government is a separate sovereign, it was within its rights to indict him on that basis. Scholz also contends that the government indicted him as punishment for filing the motion to dismiss the indictment. Simple chronology defeats this argument since his motion necessarily came after the indictment of which he complains.
 
 
 10
 Scholz next argues that the government made a plea offer that included a promise to move for a reduction for substantial assistance to authorities under Sentencing Guidelines § 5K1.1, then vindictively withdrew the offer before Scholz had a fair chance to respond. The withdrawal of a § 5K1.1 offer does not create a presumption of vindictiveness, United States v. Murphy, 65 F.3d 758, 762 (9th Cir.1995), and Scholz has failed to demonstrate actual vindictiveness. Assistant United States Attorney Rachow's withdrawal of the § 5K1.1 offer came after Scholz failed to respond to either of Rachow's letters. Scholz points to the fact that all of the other co-defendants who negotiated pleas received § 5K1.1 motions, but there is no indication that those defendants were not given--or failed to comply with--deadlines similar to Scholz's. Because Scholz cannot demonstrate either actual or presumptive vindictiveness, the district court properly denied his motion to dismiss for vindictive prosecution.
 
 III
 
 11
 Finally, Scholz contends that the federal indictment should have been dismissed because the state acted as a mere tool of the federal government, thereby subjecting him to double jeopardy under Bartkus v. Illinois, 359 U.S. 121 (1959). We need not reach this argument because, assuming that the state and federal governments were acting as a single sovereign, the two prosecutions were permissible under Blockburger v. United States, 284 U.S. 299 (1932).
 
 
 12
 Under the Blockburger test, double jeopardy does not attach provided that each offense requires proof of at least one element not required by the others. Id. at 304; United States v. Dixon, 509 U.S. 688, 696 (1993). The federal conspiracy count and the state possession count do not offend Blockburger because of the longstanding rule that "a substantive crime, and a conspiracy to commit that crime, are not the 'same offense' for double jeopardy purposes." United States v. Felix, 503 U.S. 378, 389 (1992). Nor does prosecution under 21 U.S.C. § 856(a)(1) constitute double jeopardy. Section 856(a)(1) requires proof that Scholz opened or maintained a place for the manufacture, distribution, or use of a controlled substance; Nevada Revised Statute § 453.337 does not. Likewise, possession is an element of the Nevada offense, but not the federal offense. Since the Blockburger test is met, the two prosecutions do not violate the Double Jeopardy Clause.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3