UNITED STATES of America,
Plaintiff–Appellee,

v.

Frederic A. YURISICH, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Vera M. Yurisich, Defendant–
Appellant.

Nos. 07–30169, 07–30179.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2008.

Filed March 21, 2008.

Katherine Jill Bolton, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant, Frederic A. Yurisich.

Lana C. Glenn, Esq., Law Offices of Lana C. Glenn, Spokane, WA, for Defendant–Appellant, Vera M. Yurisich.

Before: B. FLETCHER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM *

Frederic and Vera Yurisich appeal their jury convictions for perjury. The Yurisiches object both to the sufficiency of the evidence against them and to the tactics used by the government in securing their convictions. We are concerned that the civil discovery process not be abused by the government as a mere setup for a criminal perjury prosecution. Nonethe-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

less, in light of the chronology of events in the civil case, including the sequence of discovery, and the requirement that we view the evidence in the light most favorable to the government, we affirm the convictions.

The judge's instruction to the jury that a false answer is material if it would have had a tendency or would have been capable of influencing the judge in the civil case was not erroneous, because the judge would have been the trier of fact, had that case gone to trial. *See United States v. McKenna*, 327 F.3d 830, 840 (9th Cir.2003) ("[A] relevant decision-making entity in evaluating the materiality of statements given in civil depositions is the trier of fact in the civil case."). That the civil case settled before trial does not alter the relevant decision-maker, as materiality is determined at the point when the false statement is made. *Id.* at 839.

■ We review the Yurisiches' challenges to the sufficiency of the evidence against them *de novo*, and "[a] verdict is supported by sufficient evidence if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 838 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Applying this standard, the questions underlying the Yurisiches' convictions were not fundamentally ambiguous. Viewing each question in context, a jury could have "conclude[d] beyond a reasonable doubt that the defendant understood the question as did the government and that so understood, the defendant's answer was false." *Id.* at 841 (quoting *United States v. Sainz*, 772 F.2d 559, 562 (9th Cir.1985)). Neither were the questions immaterial, since they went to the heart of the disput-

ed issue in the case: the extent of the lasting effects of Mr. Yurisich's shoulder injury and its impact on his quality of life. *See id.* at 839 ("To be material a false statement need only be 'relevant to any subsidiary issue under consideration.'" (quoting *United States v. Lococo*, 450 F.2d 1196, 1199 (9th Cir.1971))).

■ Finally, the district court did not err when it denied the Yurisiches' motion to dismiss for prosecutorial vindictiveness. The Yurisiches have offered neither any direct evidence of prosecutorial vindictiveness, nor evidence that the perjury charges "were filed because [they] exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *U.S. v. Jenkins*, 504 F.3d 694, 699 (9th Cir.2007) (quoting *United States v. Gallegos–Curiel*, 681 F.2d 1164, 1168 (9th Cir.1982)). Whatever conversations may have taken place between the government's attorneys in the civil action and prosecutors in the United States Attorney's office prior to the Yurisiches' depositions, those conversations did not affect the Yurisiches' decisions as to what testimony to give in their civil depositions, and there is no statutory, procedural, or constitutional right to give false testimony under oath.

AFFIRMED.