**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ibrahim WEYNE, Defendant–Appellant.**

No. 08–30393.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2009.*

Filed Oct. 9, 2009.

Helen J. Brunner, Esquire, Assistant U.S., Susan M. Roe, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Thomas Eugene Weaver, Jr., Law Office of Thomas E. Weaver, Bremerton, WA, for Defendant–Appellant.

Ibrahim Shire Weyne, pro se.

Before: D.W. NELSON, SILVERMAN, and IKUTA, Circuit Judges.

MEMORANDUM **

Ibrahim Weyne appeals the district court's orders denying his motion to suppress and motion to dismiss for prosecutorial vindictiveness. Because the search of Weyne's car was a valid inventory search and because Weyne failed to show an appearance of prosecutorial vindictiveness, we affirm.

"We review *de novo* motions to suppress, and any factual findings made at the suppression hearing for clear error." *United States v. Negrete–Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992). We review

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*de novo* motions to dismiss an indictment for vindictive prosecution. *United States v. Jenkins,* 504 F.3d 694, 699 (9th Cir. 2007).

■ As an initial matter, we hold that Weyne is not precluded from arguing that the search at issue in this case violated the Fourth Amendment. Even if "a claim [was] not raised by petitioner below, we would ordinarily feel free to address it, since it was addressed by the court below. Our practice 'permit[s] review of an issue not pressed so long as it has been passed upon....'" *Lebron v. Nat'l R.R. Passenger Corp.,* 513 U.S. 374, 379, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995) (quoting *United States v. Williams,* 504 U.S. 36, 41, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992)). Here, Weyne's unlawful search argument is not waived for failure to raise it in the district court because both the government and the district court addressed the issue in connection with the motion to suppress.

Viewing the evidence in the light most favorable to the government, *see United States v. Cervantes–Guitan,* 792 F.2d 770, 772 (9th Cir.1986), the district court's finding that the search of Weyne's car was in preparation for towing was not clearly erroneous. As such, we affirm the district court's denial of Weyne's motion to suppress on the ground that the search was a valid inventory search. *See Colorado v. Bertine,* 479 U.S. 367, 369, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987) (affirming inventory search of a vehicle prior to impoundment); *South Dakota v. Opperman,* 428 U.S. 364, 369, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) (holding that officers may conduct an inventory search of a lawfully impounded vehicle without a warrant).

We also affirm the district court's denial of Weyne's motion to dismiss for prosecutorial vindictiveness because Weyne failed to make a threshold showing of an appearance of vindictiveness. Where, as here, there is no direct evidence of actual vindictiveness, a defendant must first make a prima facie showing of "facts that warrant an appearance of such." *United States v. Montoya,* 45 F.3d 1286, 1299 (9th Cir.1995) (quoting *United States v. Sinigaglio,* 942 F.2d 581, 584 (9th Cir.1991)). An appearance of vindictiveness exists "only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." *United States v. Jenkins,* 504 F.3d 694, 700 (9th Cir.2007) (quoting *United States v. Gallegos–Curiel,* 681 F.2d 1164, 1169 (9th Cir.1982)).

■ Weyne's contention that the charge at issue in this case was brought in federal, rather than state, court as retribution for his refusal to plead guilty in a prior, unrelated case is insufficient, without more, to raise an appearance of vindictiveness. The Supreme Court has held in an analogous context that "the mere fact that a defendant refuses to plead guilty and forces the government to prove its case [at trial] is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified," *United States v. Goodwin,* 457 U.S. 368, 382–83, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), because, before a case matures to the point of trial, "the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has broader significance," *id.* at 381, 102 S.Ct. 2485. Here, it is undisputed that the charge against Weyne at issue in this case arose from additional, intervening criminal conduct; it did not arise from the same set of facts that led to his prior prosecution. Accordingly, Weyne cannot dispute that prosecutors who brought the present case possessed "additional infor-

mation that suggest[ed] a basis for further prosecution" in federal court, *id.* at 381, 102 S.Ct. 2485, and, for this reason, "the mere fact that [Weyne] [previously] refuse[d] to plead guilty . . . is insufficient to warrant a presumption that [these] subsequent [charges] . . . are unjustified," *id.* at 382–83, 102 S.Ct. 2485.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles Wolle, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.