**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50208 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01967-IEG-1 |
| v. | |
| ISAAC CAMACHO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted October 12, 2012**
Pasadena, California

Before: PREGERSON and W. FLETCHER, Circuit Judges, and PIERSOL, Senior
District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for South Dakota, sitting by designation.

Defendant-Appellant Isaac Camacho ("Camacho") was convicted by a jury on the charge of unlawful procurement of naturalization in violation of 18 U.S.C. § 1425(a). Camacho stated on his Form N-445 citizenship application submitted on the day he took his citizenship oath that he had not been engaged in criminal drug activity since he filed his initial Form N-400. Camacho appeals: (1) the denial of his request for additional discovery to support his vindictive prosecution claim, (2) the admission of evidence related to his criminal drug activity, and (3) the denial of his two Federal Rule of Criminal Procedure 29 objections that there was insufficient evidence to convict him of violating § 1425(a) beyond a reasonable doubt. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. We address Camacho's arguments in turn.

**1.** The district court properly denied Camacho's request for further discovery to support his vindictive prosecution claim. Further discovery is futile. Camacho's request for further discovery focused on the government's internal prosecution memorandum, which is protected attorney work product and thus not discoverable. Fed. R. Crim. P. 16(a)(2)*; Hickman v. Taylor*, 329 U.S. 495, 510-12 (1947).

Moreover, the district court properly denied Camacho's motion to dismiss for vindictive prosecution. Camacho warranted an initial presumption of

vindictive prosecution because the "mere appearance" of vindictiveness is sufficient to place the burden on the government to rebut. *United States v. Jenkins*, 504 F.3d 694, 700 (9th Cir. 2007). The government successfully met its burden by showing independent reasons for the additional charges. *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982). The government established that Camacho's plea agreement on the drug conviction put him on written notice six months before he was indicted of the impending charge of unlawful procurement of naturalization.

2. The district court properly allowed photographs of drugs and drug packaging, and the testimony of three DEA agents at Camacho's trial for unlawful procurement of naturalization. The district court did not abuse its discretion in admitting photographs of drugs and drug packaging at trial because the probative value of the evidence was not outweighed by its prejudicial effect. Fed. R. Evid. 403; *United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1062-63 (9th Cir. 2004). Moreover, the government could not have used less prejudicial means to make the same showing concerning Camacho's underlying criminal drug activity. *United States v. Sine*, 493 F.3d 1021, 1035 (9th Cir. 2007).

Camacho argued for the first time on appeal that the district court's admission of the DEA agents' testimony was improper. The district court did not

3

err in admitting the DEA agents' testimony at trial because that testimony was not plainly erroneous. *United States v. Reyes Bosque*, 596 F.3d 1017, 1032 (9th Cir. 2010). The testimony showed that Camacho was engaged in criminal drug activity on three different occasions during the month leading up to his submission of his Form N-445 citizenship application on the day he took his citizenship oath.

**3.** The district court properly denied Camacho's two Federal Rule of Criminal Procedure 29 objections in which Camacho contended that there was insufficient evidence for a jury to find beyond a reasonable doubt that he knowingly made a false statement on his Form N-445 citizenship application. The prosecution offered evidence showing that Camacho understands English, that he completed the Form N-445 himself, and that he had engaged in criminal activity before submitting the Form N-445. We must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (internal quotation marks and citations omitted) (emphasis in original). The evidence was sufficient.

**AFFIRMED.**