MEMORANDUM *
Appellant James G. Alexander appeals the district court’s denial of his 28 U.S.C. § 2254 habeas corpus petition, which challenged his state conviction for homicide by abuse. We review the district court’s denial of Alexander’s petition de novo. Brown v. Ornoski, 503 F.3d 1006, 1010 (9th Cir.2007). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
The question Alexander poses on appeal is whether the State violated his due process rights by engaging in vindictive prosecution. Under AEDPA, “we defer to the last reasoned judgment by the state courts.” Brown, 503 F.3d at 1010; 28 U.S.C. § 2254(d). Here, the Washington Supreme Court’s opinion was the last reasoned state court decision, which declined to find vindictiveness and affirmed Alexander’s homicide by abuse conviction. We need not conduct an AEDPA analysis — by determining whether the Washington Supreme Court’s decision was “contrary to, or involved an unreasonable application of, clearly established law,” 28 U.S.C. § 2254(d) — because even if we concluded that AEDPA does not mandate deference here, we would still reach the same result.
In 1991, Alexander was convicted of felony murder, with assault as the predicate felony. The standard sentencing range was 134-178 months, and he received a 300-month sentence based on four aggravating factors. In 2002, the Washington Supreme Court determined that assault could not be used as a predicate felony in In re Personal Restraint of Andress, 147 Wash.2d 602, 56 P.3d 981, 982 (2002), and Alexander’s conviction was vacated. In 2005, Alexander was charged and convicted of homicide by abuse based on the same facts as the vacated 1991 conviction; the standard sentencing range for homicide by abuse was 250-333 months, and he received a 400-month sentence based on three of the original four aggravating factors.
Alexander argues that a presumption of prosecutorial vindictiveness arises in his case and that the State has failed to rebut it. See North Carolina v. Pearce, 395 U.S. 711, 725-26, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)). He is incorrect. Even if we agree that a presumption applies, the state has sufficiently rebutted it.
“[T]he Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by *931 those that pose a realistic likelihood of ‘vindictiveness.’ ” Blackledge v. Perry, 417 U.S. 21, 27, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (emphasis added). If a defendant can make such a showing, “[t]he burden then shifts to the prosecution to prove that the increase in the severity of the charges did not result from any vindictive motive.” United States v. Gann, 732 F.2d 714, 724 (9th Cir.1984). The prosecution can meet its burden and overcome the presumption by providing “objective evidence justifying the prosecutor’s action.” United States v. Goodwin, 457 U.S. 368, 376 n. 8, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982).
Alexander argues that he is entitled to a presumption of vindictiveness because after he successfully challenged his first conviction, the state sought a second charge with a higher sentence based on “the same nucleus of operative facts as the original charge.” See United States v. Martinez, 785 F.2d 663, 669 (9th Cir.1986) (internal quotation marks and citation omitted). However, we do not see any indication of prosecutorial vindictiveness. The state had to re-prosecute Alexander under a different statute after the Washington Supreme Court’s decision in In re Andress. The convictions were prosecuted by different attorneys, and Alexander appeared before, and was sentenced by, different judges in the two proceedings. Accordingly, the presumption does not apply because there is no “realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility ... towards” Alexander. See United States v. Gallegos-Curiel, 681 F.2d 1164, 1169 (9th Cir.1982).
Even if we thought that Alexander were entitled to a presumption of vindictiveness, the state has provided sufficient objective evidence to justify its second charge and rebut the presumption. The Washington Supreme Court’s decision in In re Andress applied retroactively, which effectively required the vacation of every felony murder conviction based on assault as the predicate offense. See State v. Gamble, 168 Wash.2d 161, 225 P.3d 973, 981 (2010). Alexander’s original prosecutor acknowledged that Alexander’s conviction must be vacated, and that prosecutor actually prepared and filed the motion and order with the superior court to officially set it aside. With the felony murder charge no longer available, the new prosecutor had to pick a new offense to charge. So the prosecutor pursued the closest charge he could to the original felony murder charge: homicide by abuse under Revised Code of Washington 9A.32.055. That charge required the prosecutor to prove new elements the State did not prove in the original proceeding. Granted, the prosecutor could have brought a first-degree manslaughter charge under Revised Code of Washington 9A.32.060, but he deemed that recklessness charge inadequate for Alexander’s crime of beating his 21-month-old son to death. At sentencing, the prosecutor relied on the same aggravating circumstances as were used in 1991 to once again seek a sentence above the guidelines range, and the district court granted an exceptional sentence.
The state has produced a sufficient non-vindictive explanation for filing new charges in 2005, such that even if these facts do warrant a Pearce presumption of vindictiveness, the state has rebutted that presumption.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.