NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50434 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03701-BAS-1 |
| v. | |
| DARLIN JANETT HERNANDEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted January 9, 2017[**]
Pasadena, California

Before:  KOZINSKI and WATFORD, Circuit Judges, and BENNETT,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

**1.** The district court did not err in rejecting Darlin Hernandez's vindictive prosecution claim. At the time the government filed the original charge against her, the evidence supporting the bail jumping charge did not exist. Thus, although the government added the bail jumping charge after Hernandez exercised her constitutional right to go to trial, no presumption of vindictiveness arose here. *See United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168–69 (9th Cir. 1982). That the government sought a default judgment on Hernandez's bond the same day the district court set the date for trial does not give rise to an inference of vindictiveness given that the prosecutor acted on new information providing a basis for the additional charge. *See United States v. Goodwin*, 457 U.S. 368, 381–82 (1982).

**2.** The district court did not err in finding that Hernandez was subject to a twenty-year maximum sentence for importing methamphetamine. 21 U.S.C. § 960(b)(3). The government was not required to prove that Hernandez knew the precise type or quantity of the drug she imported. *See United States v. Jefferson*, 791 F.3d 1013, 1019 (9th Cir. 2015); *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002). Our precedent on this point is not clearly irreconcilable with any of the Supreme Court decisions cited by Hernandez.

**AFFIRMED**.