Charles **DELGADO**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 22728.

United States Court of Appeals Ninth Circuit.

Oct. 28, 1968.

Rehearing Denied Dec. 17, 1968.

Certiorari Denied April 7, 1969. See 89 S.Ct. 1320.

Norman T. Ollestad (argued), Alan L. Freedman, Los Angeles, Cal., for appellant.

Dennis E. Kinniard (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Los Angeles, Cal., for appellee.

Before BROWNING, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

We have examined appellant's specifications of error in this appeal from his conviction under 21 U.S.C. § 174 and 26 U.S.C. § 4705(a), and find them to be without merit. Only one requires discussion.

Appellant contends that he was denied four of the ten peremptory challenges to which he was entitled under Rule 24(b), Federal Rules of Criminal Procedure.

The record discloses that after appellant had exercised six peremptory challenges, both the appellant and the government passed a venireman for cause. The court then stated, "Peremptory is with the defendant." At this point government counsel requested a bench conference. In the course of this conference, out of the presence of the jury,

the trial judge and both counsel engaged in a colloquy from which it is unmistakably clear that all three were under the misapprehension that appellant was entitled to only six peremptory challenges. Appellant's counsel thought, however, that he had challenged only five veniremen peremptorily. Upon being advised that he had challenged six, he agreed that he was entitled to no additional peremptory challenges.

On the second day of the trial the court informed appellant and his counsel that a mistake had been made, and that appellant was entitled to ten peremptory challenges rather than six. The court then said:

> We have two alternatives. We have the alternative that you and the defendant, you might consult with him, accept the jury based upon the fact that you were not given ten peremptory challenges nor declaring a mistrial and getting a new panel.

Counsel for appellant responded:

> Your Honor, we will accept the jury as now impaneled.

The court then addressed appellant personally, stating:

> You understand that you have ten peremptory challenges but only six were exercised. We precluded you from exercising any further challenges.
>
> The Defendant: I understand this.
>
> The Court: You waive that error?
>
> The Defendant: Yes, sir.

Appellant asserts that the venireman in question was aware that appellant's counsel intended to challenge him peremptorily, and his retention on the panel was therefore prejudicial to appellant. He argues that in stating the possible course of action which might be taken after the error was discovered the court failed to include the replacement of this juror with the alternate juror. It is not at all clear from the record that the venireman was aware that appellant intended to challenge him peremptorily, as appellant asserts. But if

it were, we think the burden rested upon appellant to suggest the alternative which he now proposes if he preferred it to those suggested by the court. There is nothing to indicate that appellant's solution would not have been acceptable to the court.

We think the initial error was one which appellant could waive, and that waiver is established on the face of the record.

Affirmed.