### UNITED STATES of America, Plaintiff–Appellee,

v.

### Benjamin OMORUYI, Defendant–Appellant.

### No. 92–50628.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 31, 1993.

Decided Oct. 19, 1993.

Alan Rubin, Epstein, Adelson, & Rubin, Los Angeles, CA, for defendant-appellant.

Mark Larsen, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: TANG, CANBY, and BEEZER, Circuit Judges.

TANG, Circuit Judge:

Benjamin Omoruyi appeals his conviction for possession of counterfeit securities in violation of 18 U.S.C. § 513.

## I.

Omoruyi argues that the district court erred by permitting the government to peremptorily challenge female prospective jurors on the basis of gender.

The first government peremptory challenge was exercised against an unmarried white woman, and the second against an unmarried black woman. Omoruyi objected to the second challenge on the basis that it was racially discriminatory. In response to the district court's request to explain the challenge, the government counsel responded: **"Because she was a single female and my concern, frankly, is that she, like the other juror I struck, is single and given defendant's good looks would be attracted to the defendant."** Although the district court suggested that the government "use a little better standard" in articulating its peremptory challenges, the court denied the defendant's motion for a new jury.

In *United States v. DeGross*, 960 F.2d 1433 (9th Cir.1992) (en banc), we extended *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to gender-based peremptory challenges and held that "equal protection principles prohibit striking venirepersons on the basis of their gender." *Id.* at 1439. We concluded that a peremptory challenge on the basis of gender "(1) harms the excluded venirepersons, (2) undermines public confidence in the judicial system, and (3) stimulates community prejudice," and "violates the defendant's right to equal protection of the laws because the defendant is entitled to be tried by a jury chosen pursuant to nondiscriminatory criteria." *Id.* at 1438.

The government argues that the focus of the strike was the jurors' marital status, not gender. Peremptory challenges based on marital status do not violate *Batson*. *See United States v. Nichols*, 937 F.2d 1257, 1264 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 989, 117 L.Ed.2d 151 (1992).

However, the prosecutor's comments that he was concerned that these single women would be attracted to the defendant reveal that the jurors were struck because they were women; the prosecutor did not strike the single men on the venire. The government's articulated reason for striking these women is in no way based upon their qualifications to serve as jurors but rather on "the false assumption that [single women] are unqualified to serve as jurors ... [or] are unable to consider impartially the case" against Omoruyi. *DeGross*, 960 F.2d at 1439. Allowing this peremptory challenge "would simply affirm an erroneous and unconstitutional presumption that women are less qualified than men to serve as jurors." *Id.* at 1438.

The government argues that the fact that there were six women on the petit jury, combined with the fact that it did not exercise four of its peremptory challenges, cuts against the finding of a pattern of discrimination. *See Nichols*, 937 F.2d at 1264 (in addition to government's race-neutral explanation, three black jurors were seated while the government had peremptory strikes available). The government also contends that half of its witnesses were women, which un-

dercuts the defendant's claim of discrimination against women. *See Hernandez v. New York,* —— U.S. ——, ——, 111 S.Ct. 1859, 1872, 114 L.Ed.2d 395 (1991) (fact that victims and prosecution witnesses were Latinos undercut any motive to exclude Latinos from jury). While these factors may have been relevant in negating a "pattern" of discrimination in the jury selection, these arguments are not persuasive in the face of the prosecutor's statements expressly admitting a discriminatory motive.

■ A pattern of discrimination is not necessary if there is evidence which reveals a discriminatory motive in challenging jurors. *See United States v. Lorenzo,* 995 F.2d 1448, 1453–54 (9th Cir.1993) *cert. den.,* 114 S.Ct. 225 (1993) ("The racially-based exclusion of even a single juror violates the Fourteenth Amendment."), *citing United States v. Bishop,* 959 F.2d 820, 827 (9th Cir.1992). *See also DeGross,* 960 F.2d at 1443 (challenge of one woman on gender-based grounds violated the defendant's equal protection rights).

There was "an admission of purposeful gender discrimination" in this case which violated the defendant's right to equal protection, *see id.* at 1443, and Omoruyi's conviction is reversed. It is therefore unnecessary to reach Omoruyi's argument that the district court abused its discretion by denying his motion for continuance of the trial due to the unavailability of Criminal Justice Act funds to pay his expert handwriting witness.

REVERSED AND REMANDED.