46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin OMORUYI, Defendant-Appellant.
 No. 94-50512.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1994.
Decided Feb. 8, 1995.
 
 Before: FARRIS, POOLE, and KOZINSKI, Circuit Judges.
 MEMORANDUM*
 This is the second time Benjamin Omoruyi appeals his conviction, following a jury trial, for conspiracy to possess and possession of counterfeit cashier's checks in violation of 18 U.S.C. Secs. 371, 513. In the first appeal, we reversed Omoruyi's conviction because the Government impermissibly exercised gender-based peremptory challenges against female venirepersons. United States v. Omoruyi, 7 F.3d 880, 882 (9th Cir.1993). Omoruyi now raises three challenges to his convictions. We affirm.
 Omoruyi first contends that the district court erred by rejecting his peremptory challenge against a white male venireperson allegedly on the basis of age discrimination. We deem the argument waived, however, because Omoruyi twice rejected the district court's offer to grant a mistrial and select the jury anew. See, e.g., Delgado v. United States, 403 F.2d 208, 209 (9th Cir.1968) (per curiam) (defendant waived error with respect to number of peremptory challenges he was afforded when he declined district court's offer of a mistrial); see also United States v. Huang, 960 F.2d 1128, 1135 (2d Cir.1992) ("[I]f the defendant, alerted to the error, rejects the trial court's offer of a mistrial, ... he normally waives his right to raise on appeal the defect that prompted the mistrial offer.").
 Omoruyi also contends that the district court erred by ruling in limine that the Government could admit into evidence for impeachment purposes under Fed.R.Evid. 608(b) his false 1991 tax return. Because Omoruyi's defense counsel, however, introduced the fact of his 1991 tax return on direct examination and moved it into evidence, Omoruyi has waived his right to contest the district court's in limine ruling that the evidence was admissible under Rule 608(b). See United States v. Williams, 939 F.2d 721, 725 (9th Cir.1991) (defendant waived his right to challenge district court's admission of prior conviction where defense counsel first introduced the fact of the prior conviction on direct examination). Additionally, we have considered Omoruyi's argument regarding the district court's denial of Criminal Justice Act funds to hire an expert accountant and reject it.
 
 
 1
 Finally, Omoruyi contends that the district court erred by refusing to allow him to testify to the alleged out-of-court statements made by an individual named Femi. The substance of each excluded statement, however, was admitted through Omoruyi's direct nonhearsay testimony. Therefore, assuming without deciding that the court erred, we conclude that any such error was harmless. See, e.g., United States v. Conkins, 9 F.3d 1377, 1382 (9th Cir.1993) (admission of challenged statement harmless error where statement introduced by direct nonhearsay testimony of witness).
 
 
 2
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3