77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas F. BROWN, Jr., Defendant-Appellant.
 No. 95-30168.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas F. Brown, Jr. appeals the denial of his motion to dismiss the charge of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), as vindictively motivated. We have jurisdiction under 28 U.S.C. § 1291. The standard of review for vindictive prosecution is unsettled in this circuit. United States v. VonWillie, 59 F.3d 922, 927 (9th Cir.1995). Under any standard, we conclude that the addition of the firearm charge was not vindictively motivated, and affirm.
 
 
 3
 Brown contends that he was vindictively prosecuted because the government added the firearm charge in retaliation for his exercise of his right to trial. This contention lacks merit.
 
 
 4
 A defendant may demonstrate vindictiveness either with direct evidence of vindictiveness or by establishing a presumption of vindictiveness. See United States v. Sinigaglio, 942 F.2d 581, 584 (9th Cir.1991). In pretrial decisions, however, there is no presumption of vindictiveness merely because additional charges are filed. United States v. Goodwin, 457 U.S. 368, 381-82 (1982). "Bringing additional charges because a defendant is not willing to plea bargain constitutes permissible prosecutorial discretion." United States v. Stewart, 770 F.2d 825, 829 (9th Cir.1985), cert. denied, 474 U.S. 1103 (1986). Furthermore, "electing not to bring [some charges] initially and utilizing them as a latent bargaining tool" is constitutionally permissible. United States v. Allsup, 573 F.2d 1141, 1143 (9th Cir.), cert. denied, 436 U.S. 961 (1978); see also Goodwin, 457 U.S. at 380 (holding that "a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded").
 
 
 5
 Here, Brown was initially charged with armed robbery in violation of 18 U.S.C. § 2113(a) and (d). Subsequently, in a superseding indictment, the government added the firearm charge. Brown was convicted of both charges. The government does not dispute that the sole reason for adding the second count was that Brown refused to plea bargain. Because it was constitutionally permissible for the government to delay bringing the firearm charge in order to enhance its ability to plea bargain, the district court properly denied Brown's motion to dismiss. See Allsup, 573 F.2d at 1143; Stewart, 770 F.2d at 829.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3