**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50285 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00096-DSF-1 |
| v. | |
| JAVIER AUGUSTO ESCANDON VELASQUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 4, 2019**
Pasadena, California

Before: WARDLAW and BEA, Circuit Judges, and DRAIN,*** District Judge.

Javier Augusto Escandon Velasquez (Escandon) appeals his jury conviction

for possession with intent to distribute at least fifty grams of methamphetamine, in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  Escandon argues that the

district court clearly erred in determining that the government's peremptory strikes

of Hispanic Jurors Nos. 7, 13, and 18 did not violate *Batson v. Kentucky*, 476 U.S.

79 (1986).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm.

The district court properly denied Escandon's *Batson* challenge to the

peremptory strikes.  At the third *Batson* step,[1] where the court determines whether

the government acted with "purposeful discrimination," the "analysis 'turns largely

on the court's evaluation of the prosecutor's credibility.'"  *Murray v. Schriro*, 745

F.3d 984, 1003 (9th Cir. 2014).  The court must "consider each explanation within

the context of the trial as a whole because [a]n invidious discriminatory purpose

may often be inferred from the totality of the relevant facts."  *Id.* at 1004.

Here, although the government used four of its five peremptory strikes

against Hispanic jurors, the district court did not clearly err in crediting the

government's race-neutral explanations for each of the three challenged strikes as

credible and sincere, and not "pretexts invented to hide purposeful discrimination."

*Green v. LaMarque*, 532 F.3d 1028, 1030 (9th Cir. 2008); *see also Foster v.*

*Chatman*, 136 S. Ct. 1737, 1747 (2016).

First, as to Juror No. 7, Aurora B., the government explained that it struck

---

[1]     The first two steps of the *Batson* inquiry are not at issue here.  *See*
*Hernandez v. New York*, 500 U.S. 352, 359 (1991) (plurality opinion).

her from the jury because as a single mother, Aurora B. might be sympathetic to the defense that Escandon's co-defendant, Garcia, intended to pursue—that she was in a "vulnerable position" as a single mother and accompanied co-defendant and boyfriend Escandon in the drug-laden car only because she feared he was cheating on her, like her ex-spouse had.[2]  "Concern that a juror might have reason to sympathize or identify with the defendant . . . is 'relevant' under *Batson*." *Jamerson v. Runnels*, 713 F.3d 1218, 1229 (9th Cir. 2013).  Moreover, neither the district court nor the government believed Aurora B. was Hispanic when she was stricken.  *See United States v. Guerrero*, 595 F.3d 1059, 1062 (9th Cir. 2010) ("[T]here is no evidence that race played any role in the decision to strike the prospective juror because neither the prosecutor nor the judge recognized her as a minority.").

Second, as to Juror No. 13, Rodolfo J.,[3] the government explained that "he is single, and we didn't get a lot of information from [him], and we sensed that he may not be taking this process very seriously," and it "may also be that he may not

---

[2]  Garcia's fears derived from a painful history with her first husband, who had been secretly married to another woman for the entirety of their twenty-five-year marriage.  Garcia was ultimately acquitted on the charges for which Escandon was convicted.

[3]  By the time of the strike, Rodolfo J. had been reseated as Juror No. 1.

be as invested in the community."[4] The government also explained that "we wanted jurors with more life experiences." Although Escandon argues that the government's proffered reasons apply equally to two non-Hispanic jury members the government did not strike, the government explained that one had prior jury experience. The other had previously testified in court and had "no negative connotation from it." Those characteristics "reassure[d]" the government that they were invested in the community.

Third, Juror. No. 18, Carolina S.,[5] had suffered a traumatic event when her cousin's boyfriend was arrested at gunpoint for drugs in her presence, which left "a negative impact on [her] with the drug agency people." The government explained that there would be evidence in Escandon's case about resisting arrest, and Juror No. 18's negative experience might bias her. *Cf. Cook v. LaMarque*, 593 F.3d 810, 822 (9th Cir. 2010).

Finally, as the district court noted, the jury ultimately included four Hispanic jurors, further evidencing the government's nondiscriminatory motive. *United*

---

[4]     *See Rice v. Collins*, 546 U.S. 333, 341 (2006) (crediting prosecutor's peremptory strike for "young person with few ties to the community" for being "too tolerant" of the drug crime with which defendant was charged); *United States v. Omoruyi*, 7 F.3d 880, 881 (9th Cir. 1993) ("Peremptory challenges based on marital status do not violate *Batson*."); *United States v. Changco*, 1 F.3d 837, 840 (9th Cir. 1993) ("[T]he prosecutor may strike potential jurors for their passivity, inattentiveness or inability to relate to other jurors . . . .").

[5]     By the time of the strike, Carolina S. had been reseated as Juror No. 2.

*States v. Cruz-Escoto*, 476 F.3d 1081, 1090 (9th Cir. 2007).

Therefore, the district court did not clearly err in finding that Escandon failed to carry his burden of proving "purposeful discrimination." *Snyder v. Louisiana*, 552 U.S. 472, 477 (2008). The court properly accepted the government's proffered explanations for striking Jurors Nos. 7, 13, and 18 as "case-specific," "sincere and credible," and "not based on group bias."

**AFFIRMED.**