**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-30193 |
| Plaintiff-Appellee, | D.C. No.<br>4:17-cr-00296-DCN-1 |
| v. | |
| LEX BENNETT GOODWIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted November 9, 2021
Portland, Oregon

Before:  GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,[**] District
Judge.

Lex Goodwin appeals his jury conviction and 100-year sentence for sexual

exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e); attempted

sexual exploitation of a minor, in violation of § 2251(a) and (e); transportation of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

child pornography, in violation of 18 U.S.C. § 2252A(a)(1); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recite them here.

1.     The district court did not abuse its discretion by admitting photographs, pursuant to Rule 404(b), of Goodwin's penis with Jane Doe II's underwear. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Thornhill*, 940 F.3d 1114, 1117 (9th Cir. 2019). On appeal, Goodwin's sole challenge to the admission of these photographs is that the district court did not address his Rule 403 objection. That argument is unavailing because the district court's pretrial order laid out the Rule 404(b) and Rule 403 standards, determined that the underwear photographs were relevant in that they "depict behavior that is consistent with an interest in children and sex," and specifically quoted and rejected Goodwin's Rule 403 argument. Thus, the district court adequately addressed Goodwin's Rule 403 objection.

2.     The district court did not abuse its discretion by admitting, pursuant to Rule 414 and Rule 404(b), evidence of Goodwin's 2009 conversations with T.L. (the "2009 Conversations"), an adult woman whom he met online. Goodwin argues that the conversations involved T.L.'s sexual fantasies and should have

2

been excluded pursuant to Rule 403 because they were highly inflammatory and unfairly prejudicial.

*LeMay* laid out the factors that courts must consider in determining whether Rule 414 evidence should be excluded pursuant to Rule 403: (1) the similarity of the prior acts to the acts charged; (2) the closeness in time of the prior acts to the acts charged; (3) the frequency of the prior acts; (4) the presence or lack of intervening circumstances; and (5) the necessity of the evidence beyond the testimony already offered at trial. *United States v. LeMay*, 260 F.3d 1018, 1027–28 (9th Cir. 2001) (quotation marks omitted).

Most of the *LeMay* factors weigh in favor of the government. As to "similarity," the 2009 Conversations and the charges in this case both involve sexual abuse of young children who are related to Goodwin or his adult companions. Rule 414(d)(2)'s definition of "child molestation" includes solicitation of child pornography, 18 U.S.C. § 2252A(a)(3)(B), and the 2009 Conversations include numerous instances of Goodwin soliciting child pornography.

The "closeness in time" factor is neutral because, as Goodwin concedes, even though the charged conduct occurred approximately eight years after the 2009

Conversations, Goodwin was incarcerated for five of the eight years. *See, e.g.*, *LeMay*, 260 F.3d at 1029 (11 years not too remote).

The "frequency" factor weighs in favor of the government because the 2009 Conversations were not an isolated incident; there were numerous conversations that occurred over the course of approximately one month. During the conversations, Goodwin repeatedly asked T.L. to help him procure child pornography.

The "intervening circumstances" factor is neutral because there were no relevant, intervening events between the 2009 Conversations and the charged conduct (Goodwin was incarcerated until 2014 and reoffended in 2017).

The district court reasoned that the "necessity" factor weighs in favor of the government because, as the court correctly anticipated, Goodwin attempted to distance himself from the recovered child pornography, and the 2009 Conversations were probative of Goodwin's "motive, intent, knowledge, identity, and absence of mistake." *See, e.g., Thornhill*, 940 F.3d at 1119 (trial court did not abuse its discretion by admitting defendant's prior conviction for sexually abusing his 11-year-old daughter).

Goodwin is correct that the 2009 Conversations were highly prejudicial, and they may not have been necessary in light of the government's other strong

evidence. But even if the 2009 conversations were erroneously admitted, the district court's error was harmless because the government offered overwhelming evidence that Goodwin produced and possessed child pornography. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 605 (9th Cir. 1993).[1]

3.    The evidence was sufficient to support Goodwin's conviction for transportation of child pornography. Where (as here) a defendant did not seek a judgment of acquittal based on insufficiency of the evidence at trial, we review the jury's verdict for plain error. *See United States v. Franklin*, 321 F.3d 1231, 1239 (9th Cir. 2003).

---

[1]    During oral argument before this panel, defense counsel suggested that the prejudicial parts of the 2009 Conversations should have been redacted. This argument is well taken. We are not persuaded by the government's blanket assertion that all of the 2009 Conversations constitute solicitation of child pornography and were thus admissible pursuant to § 2252A(a)(3)(B). For example, the government fails to argue how Goodwin's statement to T.L. that he wanted to live with her to rape her children, have children with her children, and rape her grandchildren constitutes solicitation of child pornography. There is no question that this testimony was prejudicial, and it is doubtful that it was necessary for the government's case. But Goodwin did not argue before the district court that the 2009 Conversations should have been redacted or that the 2009 Conversations included conduct that does not fall within Rule 414's definition of "child molestation." *See United States v. Banks*, 514 F.3d 959, 976 (9th Cir. 2008). Even if the district court erred in admitting parts of the 2009 Conversations, Goodwin cannot establish that the district court plainly erred because he cannot show that "the result of the proceeding would have been different" given the other strong evidence properly admitted at trial. *See United States v. Alghazouli*, 517 F.3d 1179, 1190 (9th Cir. 2008) (internal quotation marks omitted).

The government offered evidence that Goodwin used the Internet to upload child pornography to his Google accounts and to share child pornography between his Google accounts. Goodwin cites no authority holding that uploading child pornography and sharing such content between one's own accounts is insufficient to constitute knowing transportation for purposes of § 2252A(a)(1). He separately argues that the child pornography images were transferred through the automatic "syncing of two devices used by him." But the government introduced testimony explaining that setting up the sharing function required a purposeful action by the user. Goodwin cannot satisfy the plain error standard. *See United States v. Ghanem*, 993 F.3d 1113, 1131 (9th Cir. 2021) (An error "cannot be plain if there is no controlling authority on point . . . ." (citation and internal quotation marks omitted)).

4.  Last, the district court's sentence was not substantively unreasonable. In reviewing a sentence for reasonableness, we ask whether the trial court abused its discretion. *United States v. Apodaca*, 641 F.3d 1077, 1079 (9th Cir. 2011). "We conduct a two-step analysis when reviewing the reasonableness of a sentence: 'we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence.'" *Id.* at 1080–81 (citation omitted). A sentence is substantively reasonable if it is "sufficient, but

6

not greater than necessary" under the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *United States v. Carty*, 520 F.3d 984, 994–95 (9th Cir. 2008) (en banc). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court considered each of the § 3553 factors. The upper end of the guidelines range was 320 years, but the court imposed a 100-year sentence. *See Carty*, 520 F.3d at 995. The district court's refusal to deviate further from the advisory guidelines range was not an abuse of discretion. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012).

Goodwin argues that the government's pre-trial filing of the second superseding indictment and of a notice of enhanced penalties was improper because the government "was fully aware of all the potential charges" against him; "no new facts were uncovered during the pendency of the case"; the government's charging decisions increased the minimum sentence of 35 years and the maximum to 320 years; and he "was being punished for the exercise of his right to trial." But as Goodwin recognizes, "[t]he government charged [him] for conduct that provided a maximum sentence of 100 years" before filing the superseding indictment and adding additional charges. His 100-year sentence, therefore, would

7

have been within the initial guidelines range even if the government had not filed the superseding indictment. The government's charging decisions are not a factor that district courts must consider pursuant to § 3553(a). *See also United States v. Allsup*, 573 F.2d 1141, 1143 (9th Cir. 1978) ("In electing not to bring [some] charges initially and utilizing them as a latent bargaining tool, the Government exercised permissible prosecutorial discretion.").

**AFFIRMED.**