FILED

NOT FOR PUBLICATION

JAN 15 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES G. ALEXANDER,

Petitioner - Appellant,

v.

MAGGIE MILLER-STOUT,

Respondent - Appellee.

No. 13-35726

D.C. No. 2:11-cv-00187-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Senior District Judge, Presiding

Argued and Submitted October 9, 2014
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Appellant James G. Alexander appeals the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition, which challenged his state conviction for

homicide by abuse. We review the district court's denial of Alexander's petition

*de novo*. *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007). We have

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

jurisdiction under 28 U.S.C. § 2253, and we affirm.

The question Alexander poses on appeal is whether the State violated his due process rights by engaging in vindictive prosecution. Under AEDPA, "we defer to the last reasoned judgment by the state courts." *Brown*, 503 F.3d at 1010; 28 U.S.C. § 2254(d). Here, the Washington Supreme Court's opinion was the last reasoned state court decision, which declined to find vindictiveness and affirmed Alexander's homicide by abuse conviction. We need not conduct an AEDPA analysis—by determining whether the Washington Supreme Court's decision was "contrary to, or involved an unreasonable application of, clearly established law," 28 U.S.C. § 2254(d)—because even if we concluded that AEDPA does not mandate deference here, we would still reach the same result.

In 1991, Alexander was convicted of felony murder, with assault as the predicate felony. The standard sentencing range was 134–178 months, and he received a 300-month sentence based on four aggravating factors. In 2002, the Washington Supreme Court determined that assault could not be used as a predicate felony in *In re Personal Restraint of Andress*, 56 P.3d 981, 982 (Wash. 2002), and Alexander's conviction was vacated. In 2005, Alexander was charged and convicted of homicide by abuse based on the same facts as the vacated 1991 conviction; the standard sentencing range for homicide by abuse was 250–333

2

months, and he received a 400-month sentence based on three of the original four aggravating factors.

Alexander argues that a presumption of prosecutorial vindictiveness arises in his case and that the State has failed to rebut it. *See North Carolina v. Pearce*, 395 U.S. 711, 725–26 (1969) (*overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)). He is incorrect. Even if we agree that a presumption applies, the state has sufficiently rebutted it.

"[T]he Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a *realistic likelihood of 'vindictiveness.'*" *Blackledge v. Perry*, 417 U.S. 21, 27 (1974) (emphasis added). If a defendant can make such a showing, "[t]he burden then shifts to the prosecution to prove that the increase in the severity of the charges did not result from any vindictive motive." *United States v. Gann*, 732 F.2d 714, 724 (9th Cir. 1984). The prosecution can meet its burden and overcome the presumption by providing "objective evidence justifying the prosecutor's action." *United States v. Goodwin*, 457 U.S. 368, 376 n.8 (1982).

Alexander argues that he is entitled to a presumption of vindictiveness because after he successfully challenged his first conviction, the state sought a second charge with a higher sentence based on "the same nucleus of operative facts

3

as the original charge." *See United States v. Martinez*, 785 F.2d 663, 669 (9th Cir. 1986) (internal quotation marks and citation omitted). However, we do not see any indication of prosecutorial vindictiveness. The state had to re-prosecute Alexander under a different statute after the Washington Supreme Court's decision in *In re Andress*. The convictions were prosecuted by different attorneys, and Alexander appeared before, and was sentenced by, different judges in the two proceedings. Accordingly, the presumption does not apply because there is no "realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility . . . towards" Alexander. *See United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982).

Even if we thought that Alexander were entitled to a presumption of vindictiveness, the state has provided sufficient objective evidence to justify its second charge and rebut the presumption. The Washington Supreme Court's decision in *In re Andress* applied retroactively, which effectively required the vacation of every felony murder conviction based on assault as the predicate offense. *See State v. Gamble*, 225 P.3d 973, 981 (Wash. 2010). Alexander's original prosecutor acknowledged that Alexander's conviction must be vacated, and that prosecutor actually prepared and filed the motion and order with the superior court to officially set it aside. With the felony murder charge no longer

4

available, the new prosecutor had to pick a new offense to charge. So the prosecutor pursued the closest charge he could to the original felony murder charge: homicide by abuse under Revised Code of Washington 9A.32.055. That charge required the prosecutor to prove new elements the State did not prove in the original proceeding. Granted, the prosecutor could have brought a first-degree manslaughter charge under Revised Code of Washington 9A.32.060, but he deemed that recklessness charge inadequate for Alexander's crime of beating his 21-month-old son to death. At sentencing, the prosecutor relied on the same aggravating circumstances as were used in 1991 to once again seek a sentence above the guidelines range, and the district court granted an exceptional sentence.

The state has produced a sufficient non-vindictive explanation for filing new charges in 2005, such that even if these facts do warrant a *Pearce* presumption of vindictiveness, the state has rebutted that presumption.

**AFFIRMED.**

*Alexander v. Miller-Stout*, No. 13-35726

PAEZ, Circuit Judge, dissenting.

I respectfully dissent. Because I would reverse the denial of Alexander's petition on the basis that the presumption of vindictiveness arose and remand for further proceedings, I review the petition under AEDPA for whether the Washington Supreme Court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

There are two ways to show prosecutorial vindictiveness: (1) through a "presumption of vindictiveness" analysis or (2) by proving "actual vindictiveness." *Alabama v. Smith*, 490 U.S. 794, 798–99 (1989). The presumption arises "only in cases in which a reasonable likelihood of vindictiveness exists." *United States v. Goodwin*, 457 U.S. 368, 372 (1982); *see also Blackledge v. Perry*, 417 U.S. 21, 27 (1974) (referring to a "realistic likelihood of 'vindictiveness'"). "[I]n certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to 'presume' an improper vindictive motive." *Goodwin*, 457 U.S. at 373.

In denying Alexander's claim that a presumption of prosecutorial vindictiveness arose, the Washington Supreme Court unreasonably applied clearly established Supreme Court law, as established in *Blackledge*, 417 U.S. 21, and

*North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds by Smith*, 490 U.S. 794.

Fourteen years after seeking a second degree felony murder conviction against Alexander, the State sought a conviction "equivalent to murder in the first degree," and recommended a sentence nearly double what it had originally sought. In the fourteen years between the first and second prosecution, the facts surrounding the victim's death remain the same. And the first-degree-murder-equivalent offense had been available fourteen years earlier.

The Washington Supreme Court ruled "on different grounds" than the state court of appeals and concluded that the presumption of vindictiveness did not arise, emphasizing the change in Washington State law that had eliminated the legal basis for Alexander's second degree felony murder conviction. This change in law justified a new charge against Alexander, but did not justify the heightened charge and nearly doubled sentence recommendation. *See Wasman v. United States*, 468 U.S. 559, 571 (1984).

The Washington Supreme Court cited one state case, *State v. Korum*, 141 P.3d 13 (Wash. 2006). In *Korum*, disparate sentences stemmed from a "prosecutor's decision to add new charges after Korum withdrew his guilty plea." *Korum*, 141 P.3d at 23 (footnote omitted). Here, Alexander exercised his right to

2

vacate his conviction on the basis of a change in state law, which resulted in a new trial. Similarly, in *Blackledge*, "the Court was dealing with the State's unilateral imposition of a penalty upon a defendant who had chosen to exercise a legal right to attack his original conviction—a situation 'very different from the give-and-take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 362 (1978) (citation omitted). Thus, *Korum* does not support denying the presumption in Alexander's case.

The Washington Supreme Court also improperly cited "the severity of the allegations" against Alexander. No matter how horrible the original facts were, the State relied on those same facts in 2005. The State charged a more serious crime and changed its sentence recommendation upward from 360 months in 1991, to 640 months after Alexander successfully vacated his original conviction and was convicted of homicide by abuse. In initially recommending 360 months, the State had ruled out a sentence as high as 720 months because "the assault on [the victim] leading to his death occurred over a much shorter period of time than in [cases imposing 720-month sentences], and [this victim's] suffering was cut short when he went into cardiac and respiratory arrest." Those facts did not change. Yet Alexander faced a more serious charge and sentencing recommendation after

3

exercising his right to vacate his prior sentence.  *Cf. Blackledge*, 417 U.S. at 28, 28 n.6.

The majority notes that a different prosecutor prosecuted Alexander in 2005, but the Supreme Court recognizes "the institutional bias inherent in the judicial system against the retrial of issues that have already been decided."  *Goodwin*, 457 U.S. at 376.  "[T]he same institutional pressure that supports [doctrines like stare decisis and res judicata] might also subconsciously motivate a vindictive prosecutorial or judicial response to a defendant's exercise of his right to obtain a retrial of a decided question."  *Id.* at 377.  The change in prosecutor does not prevent the presumption of vindictiveness from arising.  And it was an unreasonable application of *Pearce*, 395 U.S. 711, *Blackledge*, 417 U.S. 21, and *Goodwin*, 457 U.S. 368, to conclude otherwise.

Finally, the majority concludes that even if the presumption arose, the State offers objective information to rebut it.  I would remand to the district court for further proceedings because the State has yet to produce "objective information in the record justifying the *increased sentence*."  *Wasman*, 468 U.S. at 565 (quoting *Goodwin*, 457 U.S. at 374) (emphasis added and quotation marks omitted).  The majority considers what charge "the new prosecutor had to pick[,]" its elements, and the State's reliance on the same aggravating circumstances as it had alleged in

4

1991.  Again, these considerations explain a prosecution fourteen years later, but do not justify a prosecution for a more serious but previously available charge coupled with a nearly doubled sentencing recommendation.

For the reasons above, I would reverse the denial of Alexander's habeas petition on the ground that the presumption of vindictiveness arose in this case and remand to the district court for further proceedings.